**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CYNTHIA FAUSS-MILLER,

    Plaintiff,        Case No. 06-12079
                 District Judge Arthur J. Tarnow
v.
                 Magistrate Judge R. Steven Whalen
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                 /

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [DE 18], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 9], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 14], AND REMANDING CASE TO THE COMMISSIONER FOR FACT-FINDING IN ACCORDANCE WITH THIS ORDER

    Before the Court are Plaintiff's Motion for Summary Judgment [DE 9] and Defendant's Motion for Summary Judgment [DE 14]. On July 11, 2007, Magistrate Judge Whalen issued a Report and Recommendation [DE 18] recommending that the Plaintiff's motion be DENIED and that Defendant's motion be GRANTED. Plaintiff filed objections.

### INTRODUCTION

    This Social Security case arises out of a claim for disability insurance benefits by plaintiff Cynthia Fauss-Miller, who suffers from, *inter alia*, reflex sympathetic dystrophy syndrome ("RSDS"), and myofascial pain/fibromyalgia. The Administrative Law Judge found that despite severe impairments resulting from her condition, the plaintiff retains the residual functional capacity to perform a limited range of light work activity. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this civil action for judicial review of the denial of benefits on May 6, 2006. The parties filed motions for summary judgment.

    On July 11, 2007, Magistrate Judge R. Steven Whalen filed a Report and Recommendation (R&R) in this matter. The R&R recommends that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted because (1), the ALJ's credibility finding and assessment of Plaintiff's pain were supported by substantial evidence, and

(2), the ALJ's decision not to give the treating physician's opinion controlling weight was supported by the record.

The Plaintiff filed objections to the Magistrate Judge's R&R. Plaintiff's objections state that both the ALJ's decision and the R&R failed to consider Social Security Ruling 03-2p, which provides specific guidance to evaluate disability claims in the presence of an RSDS diagnosis. This Court agrees.

## ANALYSIS

First,

> [t]he scope of judicial review is limited to determining whether the findings of fact made by the Secretary are supported by substantial evidence, and deciding whether the Secretary employed the proper legal criteria in reaching those findings.

*Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (citing *Gibson v. Secretary of Health, Education & Welfare*, 678 F.2d 653 (6th Cir.1982)).

Proper legal criteria in such cases includes Social Security Rulings. *McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 834 (6th Cir. 2006) ("Social Security Rulings are binding on all components of the Social Security Administration."). While an ALJ need not "refer with specificity" to the Rulings, he must still conduct the analysis the ruling requires. *Id*.

Social Security Ruling 03-2p provides guidance on analysis of RSDS. SSR 03-2p, "Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome," 2003 WL 22399117 (Oct. 20, 2003). Admittedly, SSR 03-2p is relatively recent, and the case law on it is limited, though not completely lacking. However, it was issued nine months before the hearing before the ALJ, and a full year before release of his decision.

Accordingly to the SSR, RSDS is a chronic pain condition following trauma, in which pain can be persistent and intense, and "the degree of reported pain is often out of proportion to the severity of the precipitating injury." *Id*. at *4. A case applying SSR 03-2p explains that

> [n]otably absent from the diagnostic criteria for this malady is any laboratory test or diagnostic procedure. Rather, diagnosis is made based on the presence of complaints of pain associated with several other physical findings, including swelling of the affected extremity, changes in skin color and/or temperature, abnormal hair or nail

2

growth, and involuntary movements of the affected region of the initial injury.

*Maiorano v. Barnhart*, 105 Fed.Appx. 374, 376 (3d Cir. 2004) (unpublished). In this case, the presence of RSDS' accompanying symptoms was well documented in the record, as was an express RSDS diagnosis.

> The SSR states further that
>
> conflicting evidence in the medical record is not unusual in cases of RSDS due to the transitory nature of its objective findings and the complicated diagnostic process involved. Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources.

SSR 03-2p at *5. It also asserts that treating sources are entitled to deference, as long as they are not inconsistent with other substantial evidence in the case record. *Id.* at *7.

The ALJ found the opinion of Plaintiff's treating physician inconsistent with the remainder of the record, and accordingly, gave it minimal weight. However, part of the cited record were MRI, EEG and other tests which did "not uncover totally debilitating pathology," in addition to a lack of "meaningful pathology" in the Plaintiff's spine. *Maiorano* suggests that such clear testing results are not dispositive:

"Those clinical tests, none of which are definitive for diagnosing RSD, merely confirmed the absence of other causes for plaintiff's pain and limitations." 105 Fed.Appx. at 378.

In a similar case, *Lamb v. Barnhart*, 85 Fed.Appx. 52, 56 (10th Cir. 2003) (unpublished), the Tenth Circuit held that an ALJ erred by rejecting a treating physician's assessment precluding even sedentary work. *Id*. The ALJ did so because the MRI did not indicate spinal cord problems. However,

> the ALJ committed reversible error by failing to analyze the specific physical ailments that are documented in Mrs. Lamb's medical records. Specifically, in order to determine whether Dr. Osborne's opinion is entitled to controlling weight, the ALJ was required to analyze the physical ailments that are documented in Mrs. Lamb's medical records ( i.e., degenerative disc disease and complex or chronic regional pain syndrome and the pain and physical limitations related thereto) . . .

*Id*. This paragraph also footnoted to SSR 03-2p.

The RSDS's characterization as a transitory condition, the potentially conflicting nature of

3

testing results, and the absence of a definitive diagnostic test render the treating physician's input more critical. Dr. Nisar treated the Plaintiff for at least 14 months, and was the treating physician with the greatest patient contact in the time period before the ALJ's decision. The ALJ indicated that he failed to give Dr. Nisar controlling weight, because of alleged inconsistencies with the record. However, SSR 03-2p indicates that conflicting evidence is "not unusual" in RSDS cases. The ALJ should have applied the SSR's guidance to see if the inconsistencies were typical for this condition, and whether they still justified giving minimal weight to a treating physician's opinion.

SSR 03-2p also emphasizes the value of third-party information for the ALJ. In addition to medical practitioners, it suggests that information from friends and family is helpful in evaluating the claimant's capacities over a period of time. *Id*. at *7. It characterizes such information as "critical in deciding the individual's credibility." *Id.* This use of non-medical evidence is also supported by general case law:

> The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony. To the contrary, testimony from lay witnesses who see the claimant everyday is of particular value[;] . . . such lay witnesses will often be family members.

*Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999) (citation omitted).

In this case, the ALJ found the Plaintiff not to be credible, and determined that she had essentially no limitations on daily living activities. This determination disregarded the guidance provided by SSR 03-2p. It also disregarded the fact that family testimony corroborated, Plaintiff's inability to handle daily activities without nearly constant assistance.

The Report and Recommendation did not address Plaintiff's argument that the ALJ erred in not applying the guidance of SSR 03-2p. Both the issues cited above, Plaintiff's credibility assessment and the evaluation of what weight to give the treating physician's opinion in the presence of an RSDS diagnosis, are addressed by that SSR. Accordingly, a failure to consider that SSR is error.

## CONCLUSION

Based on the foregoing analysis, the Court hereby REJECTS the Report and Recommendation [DE 18] as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment [DE 9] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [DE 14] is DENIED.

This case is HEREBY REMANDED to the Commissioner for fact-finding and consideration pursuant to the ANALYSIS above.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: September 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager