UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA FAUSS-MILLER,

       Plaintiff,                       Case No. 06-12079

v.                                       District Judge Arthur J. Tarnow
                                             Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION RE: ATTORNEY FEES

This is a Social Security Disability appeal filed pursuant to 42 U.S.C §405(g). On September 26, 2007, the District Court granted summary judgment in favor of the Plaintiff, ordering the case remanded to the Commissioner for further fact-finding. Plaintiff now seeks attorney fees under the Equal Access to Justice Act (EAJA). The matter has been referred to the undersigned. For the reasons set forth below, I recommend that the Plaintiff's Application for Attorney Fees [Docket #22] be GRANTED.[1]

---

[1] A Magistrate Judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. §636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, I must proceed by Report and Recommendation under 28 U.S.C. §636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

## I. PROCEDURAL HISTORY

On April 18, 2002, Plaintiff filed an application for Disability Insurance Benefits (DIB), alleging an onset date of October 6, 2001 (Tr. 120-123). After the Social Security Administration (SSA) denied benefits on September 18, 2002, she made a timely request for an administrative hearing, held on July 16, 2004 in Lansing, Michigan (Tr. 107, 417). Administrative Law Judge (ALJ) Thomas Walters presided (Tr. 417). On October 28, 2004, ALJ Walters determined that Plaintiff was not disabled, determining that she could perform a significant number of jobs in the national economy. (Tr. 102). On June 16, 2005, the Appeals Council denied review (Tr. 5-6). Plaintiff filed for judicial review of the final decision on May 6, 2006.

On July 11, 2007, the undersigned issued a Report and Recommendation (R&R), recommending that summary judgment be granted to the Defendant and denied to the Plaintiff [Docket #18]. The Plaintiff filed timely objections to the R&R [Docket #19], and on September 26, 2007, the District Judge entered an order rejecting the R&R, granting summary judgment to the Plaintiff, and remanding the case for further fact-finding [Docket #20, 21].

## II. ANALYSIS

### A. General Principles

The Equal Access to Justice Act (EAJA) is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Fauss-Miller who wins a sentence four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." However, in linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566.

### B. The Commissioner's Position was not "Substantially Justified"

Notwithstanding my initial R&R, in which I recommended that the ALJ's decision be affirmed, several factors in this case indicate that the Commissioner has not met its burden of showing that its position was substantially justified. First, in granting summary judgment to the Plaintiff, the District Court found that the ALJ did not correctly apply SSR 03-2p, and that this error in turn led to an incorrect assessment of the Plaintiff's treating physician and an inadequate determination of the Plaintiff's credibility.[2] The ALJ's failure to correctly apply SSR 03-2p also resulted in his failure to properly consider third-party information from Plaintiff's family and friends. In short, the ALJ's failure to apply the Commissioner's own regulations and governing law infected the entire administrative decision. *See Stanfield v. Apfel*, 985 F.Supp. 927, 930 (E.D. Mo. 1997) (Commissioner's position not substantially justified where the court "found the ALJ' decision to be manifestly erroneous in its recitation of plaintiff's factual evidence, and in its application of governing law").

In addition, the Defendant did not file a response to the Plaintiff's objections to the R&R, and, even more significantly, has not filed a response to the Plaintiff's Application for Attorney Fees. Again, it is the Defendant who bears the burden of showing that its position was substantially justified, *United States v. True, supra*, and it has failed to do so in this case. Therefore, Plaintiff is entitled to attorney fees under the EAJA.

---

[2] My original R&R did not discuss SSR 03-2p, and in that sense is not in conflict with the District Judge's analysis. Indeed, it is clear that the District Judge reached the correct result for the right reasons.

## C. Amount of Attorney Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."[3]

The statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00, "unless the court determines that an increase in the cost of living or a special factor,...justifies a higher fee." It is appropriate to adjust the 1996 amount for inflation. *See Dionne v. Barnhart*, 230 F.Supp.2d 84, 87 (D.Me. 2002) (percentage increase of $125 statutory rate, based on Consumer Price Index analysis, translates to hourly rate of approximately $145 in 2002). Plaintiff states that, adjusted for inflation, the current rate would be $156.75 per hour. I agree that this is the correct rate.

---

[3]Although *Glass* was careful to point out that each request for attorney fees must be reviewed on its own distinct facts, the Court did note that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [social security] cases...." 822 F.2d at 20. Plaintiff's counsel in this case claims 28.75 hours.

Reviewing the time sheets submitted by Plaintiff's counsel, I find the number of attorney hours expended (28.75) is reasonable, particularly given the cogent and persuasive motion for summary judgment and objections to the R&R which were filed.

Plaintiff is therefore entitled to attorney fees in the amount of $4,506.56.

Plaintiff is also entitled to recover costs, which in this case are limited to the filing fee of $350.00, bringing the total to $4,856.56.

### III.  CONCLUSION

I recommend that Plaintiff's Application for Attorney Fees [Docket #22] be GRANTED, and that, pursuant to the EAJA, Plaintiff be awarded attorney fees and costs as follows:

| | |
|---|---|
| Attorney Fees: | $4,506.56 |
| Costs: | $350.00 |
| Total: | $4,856.56 |

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: April 30, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 30, 2008.

s/Susan Jefferson<br>
Case Manager